IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID ERNEST GILDERSLEEVE,

        Petitioner,

   v.

ELLEN ROSENBLUM, et al.,

        Respondents.

Case No. 3:15-cv-01178-MO

OPINION AND ORDER

    Anthony D. Bornstein
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Frederick M. Boss, Deputy Attorney General
    Samuel A. Kubernick, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of four state-court convictions from 2001. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On February 22, 2001, Mary Finzel was driving her BMW when petitioner approached her with a firearm, instructed her to exit the vehicle, and stole her car. Officer Pippen responded to the incident, ultimately colliding with the BMW. A second patrol car stopped in front of the BMW to prevent petitioner from driving away, and petitioner exited the vehicle with a handgun in his waistband. He turned toward the police with the pistol raised, Officer Pippen fired two shots, one of which inflicted a non-fatal injury. Respondent's Exhibit 103, p. 11. Law Enforcement personnel took petitioner into custody, and the Multnomah County Grand Jury charged him with Attempted Aggravated Murder, First Degree Robbery with a Firearm, Felon in Possession of a Firearm, and Unauthorized Use of a Vehicle. Respondent's Exhibit 102.

At trial, petitioner claimed that another person stole Finzel's car, but got out of the car, left the door open and the keys in it, and made his way to a nearby telephone booth. Petitioner claimed he happened upon the situation by chance and decided to steal the vehicle, having no knowledge of the earlier carjacking. He claimed to have discovered a gun in the car that the perpetrator of the carjacking left behind, and that although he took the firearm, he neither attempted to shoot Officer

2 - OPINION AND ORDER

Pippen, nor brandished the firearm. Trial Transcript Vol. IV, pp. 64-77.

The jury convicted petitioner of all charges, including an 11-1 verdict as to Attempted Aggravated Murder. Trial Transcript Vol. VI, pp. 10-11. The trial court found petitioner to be a Dangerous Offender under Oregon law and sentenced him to 30 years in prison. Respondent's Exhibits 101, pp. 39-44.

Petitioner took a direct appeal where he succeeded on the portion of his challenge pertaining to the Dangerous Offender sentence. *State v. Gildersleeve*, 202 Or. App. 215, 121 P.3d 663 (2005 (*per curiam*). As a result, the Oregon Court of Appeals remanded the case for resentencing,[1] and the trial court sentenced petitioner to a total of 130 months in prison. Petitioner appealed the 130-month sentence, but the Oregon Court of Appeals affirmed the trial court's decision in a written decision, and the Oregon Supreme Court denied review. *State v. Gildersleeve*, 230 Or. App. 348, 215 P.3d 117 (2009), *rev. denied*, 347 Or. 290, 219 P.3d 592 (2009).

Petitioner next filed for post-conviction relief ("PCR") in Marion County. Relevant to this proceeding, he claimed that his trial attorney was ineffective concerning the testimony of eyewitness Kathy Krech. At trial, Krech testified that she saw a dark object in petitioner's hand, and saw him "motion up towards the police officer . . . it was shocking to me that he would raise his hand up in their direction, being anything." Trial

---

[1] Petitioner petitioned the Oregon Supreme Court for review of the portion of the Oregon Court of Appeals' decision denying relief, but the Oregon Supreme Court denied review. 339 Or. 610, 127 P.3d 651 (2005).

3 - OPINION AND ORDER

Transcript Vol. III, p. 132. According to petitioner, in the immediate aftermath of the incident, Krech had asked another civilian eyewitness, Catherine Malone, "My god, did you see he was running away and they shot him?" Although counsel attempted to elicit Krech's statement from Malone as impeachment evidence, the trial court did not allow it where counsel had not first asked Krech whether she had made the statement to Malone. *Id* at 164-69. As a result, during petitioner's PCR action he alleged that trial counsel "failed to recall Kathy Krech and Catherine Malone in order to lay the foundation for introduction of Krech's statement to Malone." Respondent's Exhibit 115, p. 6.

The PCR court concluded that although counsel failed to provide professional skill and judgment with respect to Krech's contemporaneous statement, "petitioner has not proved that any [errors] would have had the probability of substantially affecting the outcome of the case." Respondent's Exhibit 161, pp. 21-23. The PCR court also found petitioner was not credible, failed to sustain his burden of proof, and that the contemporaneous statement attributed to Krech would "not have turned the tide in this case." *Id* at 21.

Petitioner appealed, but the Oregon Court of Appeals affirmed the PCR court's decision without opinion, and the Oregon Supreme Court denied review. *Gildersleeve v. State*, 265 Or. App. 477, 334 P.3d 992, *rev. denied*, 356 Or. 516, 340 P.3d 47 (2014).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on June 26, 2015 in which he raises 12 grounds for relief. Respondent asks the court to deny relief on the Petition because

4 - OPINION AND ORDER

petitioner failed to fairly present many of his claims to Oregon's state courts, and the state courts reasonably denied the claims he did properly raise.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the

prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

## II. **Unargued Claims**

Although petitioner raises 12 grounds for relief in his Petition, he chooses to present argument on only whether trial counsel was ineffective with respect to his handling of Krech's contemporaneous statement. Petitioner does not argue the merits of his remaining claims, nor does he address any of respondent's arguments as to why relief on the unargued claims should be denied. As such, petitioner has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## III. **Failure to Introduce Krech's Contemporaneous Statement**

Petitioner asserts that trial counsel failed to introduce Krech's prior, contemporaneous statement that would have seriously undermined the credibility of her trial testimony. He argues that the PCR court's decision is objectively unreasonable where the prejudicial impact of counsel's error is severe, especially in the context of a non-unanimous guilty determination on the Attempted Aggravated Murder charge.

6 - OPINION AND ORDER

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

As noted above, the PCR court concluded counsel's failure to introduce Krech's out-of-court statement amounted to a "failure to provide professional skill and judgment," but that the failure "had no impact on the case." Respondent's Exhibit 161, p. 23. In reaching this decision, the PCR concluded that:

7 - OPINION AND ORDER

(1) petitioner's theory at trial was "so completely ludicrous that there was no chance that [it] was going to prevail at trial;" and (2) there was "plenty of other testimony besides whatever you make of this 'My God' statement that petitioner was turning with the gun drawn in the officer's direction when he was shot." Respondent's Exhibit 161, pp. 21-22.

Petitioner contends that irrespective of whether his theory at trial was credible, the jury could still find him not guilty of Attempted Aggravated Murder. While this is true, it does not alter the fact that the State introduced ample evidence that petitioner, gun drawn, turned toward Officer Pippen during the confrontation. Not only did Officer Pippen testify to this effect, but Elizabeth Darcey testified that she witnessed petitioner lift up his shirt with his left hand, reach into the belt of his pants, grab his gun, and turn to face the police. Trial Transcript Vol. III, pp. 83-84. Catherine Malone, consistent with Darcey's testimony, witnessed petitioner pull a gun out of his waistband with his right hand. Id at 145-46.

As noted in the Background of this Opinion, Krech testified that she saw petitioner point his gun at the police. Id at 131-132. Although petitioner claims she told Malone, "My God, did you see he was running away and they shot him," Krech never testified to this effect, and Malone could not be sure that it was Krech who made this statement to her. Id at 155.

Even where the jury's decision on the Attempted Aggravated Murder charge was non-unanimous, the eyewitnesses were consistent among their recollections that petitioner drew his gun and turned

8 - OPINION AND ORDER

toward the police. None of them, including Krech, testified that petitioner was running away when Officer Pippen shot him. This record supports the PCR court's decision that counsel's omission did not result in prejudice. At a minimum, this court cannot conclude that the PCR court's decision was so unreasonable that fairminded jurists could not agree with it. Accordingly, the PCR court's decision is neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The court does, however, issue a Certificate of Appealability on petitioner's argued claim of ineffective assistance of counsel.

IT IS SO ORDERED.

DATED this 5th day of January, 2017.

Michael W. Mosman
United States District Judge

9 - OPINION AND ORDER